**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:16-CR-00066 |
| v. | (JUDGE CAPUTO) |
| BRANDON SHIELDS | |
| Petitioner. | |

## **MEMORANDUM**

Presently before me is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (*Doc*. 47) ("Motion") filed by *pro se* Defendant Brandon Shields ("Defendant"). Because the Defendant's Guilty Plea counts as an admission of the jurisdictional elements of the crime charged and subject matter jurisdiction was proper, the Motion will be denied. A certificate of appealability will not be issued.

### **I. Background**

On May 15, 2016, a federal grand jury returned an indictment charging the Defendant with Assault with a Dangerous Weapon within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(a)(3) and Possessing a Prohibited Object in prison in violation of 18 U.S.C. § 1791(a)(2). (*See* Doc. 1); *see also* 18 U.S.C. § 7(3) (stating that "[a]ny lands acquired for the use of the United States, and under the exclusive concurrent jurisdiction thereof" count as lands within the special maritime and territorial jurisdiction of the United States); *United States v. Caldera*, 633 Fed.Appx. 96, 99 (3d Cir. 2015) (holding that a district court had jurisdiction to enter sentence and conviction over crime in federal prison according to 18 U.S.C. § 7(3)'s definition of special maritime and territorial jurisdiction). On January 11, 2017, the Defendant pled guilty in this Court to the Assault charge. (Doc. 25). The Defendant's Guilty Plea included admissions that his

actions Defendant took place in a federal prison and in the special maritime and territorial jurisdiction of the United States. (*See Id*. ("The defendant agrees to plead guilty to Count 1 of the Indictment, which charged the defendant with a violation of . . . Assault with a Dangerous Weapon); *see also* Doc.1 (charging Defendant, in Count 1, with committing an Assault with a Dangerous Weapon at a federal prison within the territorial jurisdiction of the United States); Doc. 56 at 11 -14 (Government's Brief in Opposition) (citing Indictment and Defendant's Guilty Plea Colloquy as proof that Defendant pled to all jurisdictional elements of the crime)).

On October 1, 2018, the Defendant was sentenced to sixty (60) months imprisonment to run consecutively with his sentence for previous charges for which he was already imprisoned, *see* Docket Number CR-12-090-02, Eastern District of Pennsylvania, as well as charged a $100 special assessment. (Doc. 45). On May 6, 2019, seven months later, the Defendant filed the instant Motion alleging only that "the Government never proved the jurisdiction elements under title 18 U.S.C. § 113(a)(3) and Section 7(3)." (Doc. 47 at p. 8). On July 25, 2019, the Defendant was informed of the limitations on his ability to file a second or successive motion if he chose to have his current petition considered by this Court. (*See* Docs. 48-50); *see also* 28 U.S.C. § 2244(b)(2) (stating the rules on second or successive habeas petitions). With no objection from the Defendant, the Government was served with the instant Petition and ordered to file its opposition. (*See* Docs. 49, 51-54). The Government filed its Brief in Opposition on October 29, 2019 alleging that the Defendant knowingly and voluntarily pled guilty to the Assault charge, including its jurisdictional elements. (*See* Doc. 56). The Defendant filed his Reply Brief on November 25, 2019 asserting, without further explanation, that I should grant his petition or hold an evidentiary hearing because "a guilty plea does not bar a constitutionality challenge to a statute." (Doc. 58 (internal citation and quotations omitted)). The timely filed Motion is

therefore fully briefed and ripe for disposition. *See United States v. Doe*, 810 F.3d 132, 141 (3d Cir. 2015) (noting 28 U.S.C. § 2255's one year statute of limitation period from when judgment becomes final).

## II. Legal Standard

"Motions pursuant to 28 U.S.C. § 2255 [("§ 2255" or "Section 2255")] are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). A petitioner may alternatively file a habeas petition under 28 U.S.C. § 2241 ("§ 2241") if a § 2255 motion is inadequate to test his claim, however this exception applies only in very rare circumstances. *See Clark-Bey v. U.S.*, 415 Fed.Appx. 361, 362-63 (3d Cir. 2011); *see also Penson v. Holder*, 2015 WL 1892940, at *2 (M.D. Pa. 2015) (holding that a challenge to a trial court's jurisdiction to hear a claim is rightfully brought as a motion under § 2555).

Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."); *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) (holding that decision to grant evidentiary hearing is at the discretion of the district court).

In considering a § 2255 motion, the "district court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Johnson v. United States*, 294 Fed. App'x 709, 710 (3d Cir. 2008) (internal quotation omitted). The district court may also dispose of "vague and conclusory allegations" contained in a § 2255 petition without further investigation. *Id.* at 710 (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

## III. Discussion

Given the nature of Defendant's blanket and vague assertions concerning jurisdiction, I will construe his *pro se* Motion liberally so as to be specific allegations that the Government either does not have subject matter jurisdiction over Defendant's claim or failed to prove that Defendant's conduct took place within the special maritime and territorial jurisdiction of the United States. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013) (holding that the court has a duty to liberally construe *pro se* submissions, particularly when the *pro se* litigants are imprisoned); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation omitted) ("A document filed pro se is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer.").

### A.    Jurisdiction

A defendant may not challenge the authority of a district court, on the basis of subject matter jurisdiction, to hear a case involving the violation of a valid criminal statute passed by Congress. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the State, of all offenses against the laws of the United States."); *United States v. Gaydos*, 108 F.3d 505, 508-09 (3d Cir. 1997) (holding that Congress's enactment of a statute rendered it constitutional to the limits of Congress's powers); *McDonald v. United States*, 2014 WL 4828872, at *3-4 (M.D. Pa. 2017) (holding that courts have subject matter jurisdiction over violations of federal law, including violations of 18 U.S.C. § 113); *United States v. Smith,* 237 Fed.Appx. 732, 733 (3d Cir. 2007) (overruling challenge to "subject matter and territorial jurisdiction" exercised by the court

4

because it was validly conveyed by federal statute); *see also United States v. Coleman*, 475 F.Supp. 422, 424 (E.D. Pa. 1979) (holding that 18 U.S.C. § 113 is regularly applied to conduct that occurs in federal prisons as intended by Congress). Additionally, the Defendant here does not assert, nor do I find, any authority undermining the constitutionality of 18 U.S.C. §§ 7 and 113 and my authority to hear cases for violations of the latter. As such, all subject matter jurisdiction challenges to the crime charged under the guilty plea fail.

Further, a voluntarily and knowingly entered "'plea of guilty is a waiver of all nonjurisdictional defects and defenses and constitutes an admission of guilt." *Elliot v. United States*, 997 F.Supp.2d 278, 281 (M.D. Pa. 2015) (citing *United States v. Ptomey*, 366 F.2d 759, 760 (3d Cir. 1966).[1] This means that a defendant who voluntarily and knowingly made a guilty plea can, despite waiver of other claims, challenge jurisdictional defects surrounding the plea. *See United States v. Yarbrough*, 452 Fed.Appx. 186, 188 (3d Cir. 2011) ("[A] defendant does not waive a jurisdictional challenge by pleading guilty."). However, while the term "jurisdictional defects" allows for challenges to subject matter jurisdiction, which, in this case, concern the already resolved matters of the constitutionality of the statute and the court's right to hear the case, it does not allow for challenges to the jurisdictional elements of a statute, which are treated the same as any other statutory element. *See Gaydos*, 108 F.3d 505, 508-09 (3d Cir. 1997) (recognizing the difference between the court having subject matter jurisdiction over a claim and the government's burden in proving the jurisdictional elements of the charge); *United States v. Pickering*, 771 Fed.Appx. 287, 288 (4th Cir. 2019) (holding that defendant's challenge to the jurisdictional element of 18 U.S.C. § 113 did not implicate subject matter jurisdiction for the purposes of bypassing his plea appeal waiver); *United States v. Carr*, 271 F.3d 172, 178 (4th Cir. 2001) (holding that defendant could not challenge jurisdictional element of statute after judgment

---

[1] The Defendant makes no assertion that the Guilty Plea was not knowingly and voluntarily made. (Docs. 47, 58).

of conviction on a guilty plea); *see also United States v. Williams*, 299 F.3d 250, 253-54 (3d Cir. 2002) (holding that "use in an activity affecting interstate commerce" portion of statute was an essential jurisdictional element of the crime that must be proved by the Government)*; United States v. Gonzales*, 311 F.3d 440, 443-44 (1st Cir. 2002) (concluding that Congress's use of the term jurisdiction in statute did not refer to subject matter jurisdiction)*.*

Stated differently, a defendant who has made a guilty plea may challenge subject matter jurisdiction, but may not challenge agreed-to jurisdictional elements. *See U.S. v. Tucker*, 444 Fed.Appx. 538, 540-41 (3d Cir. 2011) (holding that defendant accepted jurisdictional elements of the statute when he pled guilty, rendering jurisdictional challenge to the plea frivolous); *United States v. Peppers*, 95 Fed.Appx. 406, 408 (3d Cir. 2004) (quoting *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998) (internal quotations and citation omitted)) ("'This court has recognized for decades that, despite defendants' tendency to confuse facts essential to be alleged as elements of the crime with jurisdictional requirements arising as a matter of law, once a defendant pleads guilty in a court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case, the court's judgment cannot be assailed on ground that the government has not met its burden of proving so-called jurisdictional facts.'"). Specific to this case, the "within the special maritime and territorial jurisdiction" element of 18 U.S.C. § 113 has been explicitly recognized by multiple courts as a jurisdictional element that needs to be supported by the evidence, but that does not effect the court's subject matter jurisdiction to decide the case. *See, e.g., United States v. Davis*, 726 F.3d 357, 364-65 (2d Cir. 2013); *United States v. Read*, 918 F.3d 712, 718 (9th Cir. 2019); *United States v. McKinney*, 105 F.Supp.2d 1125, 1129 (D. Kan. 2000). As such, the Defendant here cannot challenge the satisfaction of the jurisdictional elements of the crime charged because they were accepted in his Guilty Plea and challenges to their proof have otherwise been waived.

Therefore, because 18 U.S.C. § 113 is a valid statute which confers subject matter jurisdiction on this Court and because the Defendant has pled to all the elements of the

claim, including the jurisdictional element, no evidentiary hearing is needed and there are no valid jurisdictional challenges to the plea. *See Forte*, 865 F.2d at 62 (emphasis added) ("[T]he court must order an evidentiary hearing to determine facts *unless* the motion and files and records of the case show conclusively that the movant is not entitled to relief.").

**B.     Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c); *see also Gonzales v. Thaler*, 565 U.S. 134, 143 n. 5 (2012) ("The courts of appeals uniformly interpret "circuit justice or judge" to encompass district judges."). A court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Restated, a certificate of appealability should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the instant matter, jurists of reason would not find the disposition of Defendant's motion, being dismissed as without merit, debatable. As such, I will not issue a certificate of appealability in this case.

## IV . Conclusion

Because the Defendant voluntarily pled to all the jurisdictional elements of the crime and the Court had subject matter jurisdiction, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody will be denied.

An appropriate order follows.

| February 5, 2020 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |